Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff Dara Dioguardi

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Dara Dioguardi**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**BLK Live Scottsdale, LLC**, an Arizona limited liability company;<br><br>Defendant. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Dara Dioguardi, for her Verified Complaint against Defendant BLK Live Scottsdale, LLC, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely and reasonable payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendant's violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendant's violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claims are sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendant in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Dara Dioguardi resided in the District of Arizona.

8. Plaintiff commenced employment with Defendant on or around January 25, 2018.

9. At all relevant times, Plaintiff has been an employee of the Defendant as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

10. Defendant BLK Live Scottsdale, LLC is a limited liability company

authorized to do business in Arizona, and is Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

11. At all relevant times, Defendant has been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

12. Defendant BLK Live Scottsdale, LLC is a restaurant and entertainment venue.

13. On or about January 25, 2018 through May 12, 2018, Plaintiff was employed by Defendant as a bartender.

14. As a bartender, Plaintiff's primary job duties included preparing beverages for restaurant and bar patrons, interacting with customers, and taking orders and serving food and drinks.

15. Plaintiff is owed her final check in the amount of $500.00. She was advised her check would be mailed the day after she left the company.

16. Plaintiff has reached out numerous times to check on the status of payment and is now being ignored.

17. Plaintiff has not received payment of her owed wages.

18. Because Plaintiff received $0.00 for her last paycheck, an Arizona and FLSA minimum wage violation has occurred.

19. At all relevant times, Defendant failed to properly compensate Plaintiff minimum wage under both the FLSA and the Arizona Minimum Wage Statute.

20. Defendant refused and/or failed to properly disclose or apprise Plaintiff of

her rights under the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute.

21. Defendant willfully failed and/or refused to compensate Plaintiff at the rates and amounts required by the FLSA and Arizona Minimum Wage Statute.

22. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and Arizona Wage Statute were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

23. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

24. At all relevant times, Plaintiff has been employed by Defendant within the meaning of the FLSA.

25. Plaintiff is an employee entitled to the statutorily mandated minimum wage.

26. Defendant has intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

27. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C. § 206.

28. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

29. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendant knew Plaintiff was not being compensated for time worked and failed to pay proper minimum wages. Defendant knew their failure to pay minimum wage was a violation of the FLSA.

30. Defendant has not made a good faith effort to comply with the FLSA.

31. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

32. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

33. At all relevant times, Plaintiff has been employed by Defendant within the meaning of the Arizona Minimum Wage Statute.

34. Defendant intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

35. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

36. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

37. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

38. At all relevant times, Plaintiff has been employed by Defendant within the meaning of the Arizona Wage Statute.

39. Defendant was aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

40. Defendant was aware that, under A.R.S. § 23-353, they were obligated to pay

all wages due to Plaintiff.

41. Defendant failed to timely pay Plaintiff wages due without a good faith basis for withholding the wages.

42. Defendant has willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   v. willfully violated the Arizona Wage Statute by failing to pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to the Arizona Wage Statute, in an amount to be determined at trial;

C. For the Court to award an additional amount equal to twice the underpaid minimum wages and interest pursuant to A.R.S. § 23-364(g), in an amount to be determined at trial.

D. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

E. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

F. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

G. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED August 29, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Dara Dioguardi

## VERIFICATION

Plaintiff Dara Dioguardi declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Dara Dioguardi